IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES N. ROMERO )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>BANK OF AMERICA, N.A., )<br>  )<br>  Defendant. )<br>  ) | Civil Case No.: 13-4040-EFM |

PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW the plaintiff, Charles N. Romero, in the above-entitled action, by and through his attorney, Adam Mack, and alleges as follows:

Parties, Jurisdiction, and Venue

1. The plaintiff, Charles N. Romero, is an individual residing at 5521 W 67th Street, Mission, KS 66202 in Johnson County, KS.

2. The defendant, Bank of America, is a corporation incorporated under the laws of Delaware with its principle place of business in North Carolina.

3. This action arises under two federal statutes, Home Affordable Modification Program (HAMP) of the Making Home Affordable initiative of the Secretary of the Treasury, authorized under the Emergency Economic Stabilization Act of 2008, 12 U.S.C. §5201 *et seq.*, and Real Estate Settlement and Procedures Act (RESPA), 28 U.S.C. § 2601 *et seq.* Pursuant to 28 U.S.C. § 2614, this Court has *in rem* jurisdiction over this action.

### Breach of HAMP Contract

4. On October 6, 2010, Mr. Romero received a letter from his mortgage servicer, First Franklin Loan Services (hereinafter "Franklin"), informing him that his mortgage was eligible to participate in HAMP. He signed and returned the modification agreement Franklin had enclosed and Franklin modified Mr. Romero's loan accordingly. Mr. Romero made payments under the modified agreement which Franklin accepted and processed in accordance with industry-standard practice.

5. Plaintiff subsequently purchased Mr. Romero's modified loan from Franklin.

6. Plaintiff ignored the modification authorized and implemented under HAMP, instead charging Mr. Romero the monthly payment due under the unmodified mortgage and then assessing late fees and other charges as if Mr. Romero had violated the terms of the unmodified mortgage.

7. Due to Plaintiff's refusal to implement the HAMP modification, Plaintiff claims Mr. Romero is in default and Plaintiff has initiated foreclosure proceedings against Mr. Romero.

8. Mr. Romero repeatedly contacted Plaintiff, including via counsel, in an attempt to get Plaintiff to correct its erroneous billing practices.

9. As of the date of filing, Plaintiff has not corrected its erroneous billing practices and continues to attempt to enforce the unmodified mortgage contract, including the above-mentioned foreclosure proceedings.

10. This continuous failure by Plaintiff to honor the mortgage agreement modified under the authority of HAMP constitutes a breach of contract.

## RESPA Failure to Respond

11. On October 10, 2012 and in response to Plaintiff's continuing erroneous billing practices, Mr. Romero sent a Qualified Written Request (hereinafter "QWR") pursuant to the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2605(e) via USPS mail, return receipt requested.

12. On October 15, 2010, Defendant received Mr. Romero's QWR.

13. Pursuant to 12 U.S.C. § 2605(e), Defendant had 30 days (excluding legal public holidays, Saturdays, and Sundays) to respond to Mr. Romero's QWR.

14. That statutory deadline expired on or about November 28, 2012.

15. As of the date of filing, Mr. Romero has still not received any response from Defendant to his QWR.

## RESPA Credit Rating Violation

16. Also pursuant to 12 U.S.C. § 2605(e), "[d]uring the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request," Defendant was constrained from providing "information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."

17. During the 60-day period after Defendant received Mr. Romero's QWR, Defendant continued to provide information to credit reporting agencies regarding overdue payment for the loan referenced in the QWR.

WHEREFORE, plaintiff demands judgment against the Defendant for damages, as follows:

1. For general damages related to harm Mr. Romero has suffered due to Defendant's breach of contract, including those allowed under 12 U.S.C. § 2605(e),

2. For special damages in excess of $75,000.00

3. For costs of court, including those allowed pursuant to 12 U.S.C. § 2605(f),

4. For interest on the special damages is accordance with state law, and

5. For such other relief as the court deems equitable and just.

DATED this __15th__ of __April__, 2013.

                                              Respectfully Submitted,

                                              _/s/ Adam Mack_
                                              Adam Mack, Bar Number 24443
                                              Taddiken Mack, L.L.C.
                                              3735 SW Wanamaker Rd., Suite A
                                              Topeka, KS 66601
                                              adam.mack@kansasjustice.com
                                              (785)274-9040
                                              Attorney for Plaintiff

## VERIFICATION

STATE OF KANSAS        )
                       )ss:
COUNTY OF JOHNSON      )

Charles N. Romero, of lawful age, being first duly sworn, on oath deposes and states: That he is the plaintiff in the above-captioned action; that he has read the above and foregoing Complaint, knows and understands the contents thereof, and states the statements and allegations contained therein are true and correct, according to his knowledge, information, and belief.

_____
Charles N. Romero

SUBSCRIBED AND SWORN TO before me on this 26th day of ~~November, 2012~~ March, 2013.

_____
Notary Public

My Appointment Expires:

ANNE YOESTING
MY COMMISSION EXPIRES
2/3/16